Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6953 | **DATE** | 5/14/2003 |
| **CASE TITLE** | Robert Webb vs. Academy Collection Service | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Motion for leave to file instanter Plaintiffs' cross-motion for summary judgment and memorandum in support in excess of 15 pages (original filed in 02 C 6484)

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Motion granted. Enter Memorandum Opinion and Order. As stated at the outset, there is no genuine issue of material fact in any of these actions, and Academy is entitled to a judgment as a matter of law in each. Its consolidated motion for summary judgment is granted, the cross-motion by plaintiffs is denied, and all three of these actions are dismissed. (0-1)

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | MAY 1 5 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 13 |
| ✓ | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 MAY 14 PM 4: 13 | date mailed notice | |
| SN | courtroom deputy's initials | CLERK U.S. DISTRICT COURT Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DOUG A. SCHLETZ, etc., ) | | |
| ) | | **DOCKETED** |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No. 02 C 6484 | MAY 1 5 2003 |
| ) | | |
| ACADEMY COLLECTION SERVICE, INC., ) | | |
| ) | | |
| Defendant. ) | | |
| ROBERT WEBB, etc., ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No. 02 C 6953 | |
| ) | | |
| ACADEMY COLLECTION SERVICE, INC., ) | | |
| ) | | |
| Defendant. ) | | |
| DEBRA JONES, etc., ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No. 02 C 9391 | |
| ) | | |
| ACADEMY COLLECTION SERVICE, INC., ) | | |
| ) | | |
| Defendant. ) | | |

MEMORANDUM OPINION AND ORDER

These three putative class actions have been brought to charge Academy Collection Service, Inc. ("Academy") with violations of the Fair Debt Collection Practices Act ("Act"), with each plaintiff complaining that Academy's standard form of collection letter:

    1.   failed to state the amount of plaintiff's debt in

13

violation of 15 U.S.C. §1692g(a)(1)[1] and also

  2. contained a false statement as to the accrual of interest in violation of Section 1692e.

Academy has filed a consolidated motion for summary judgment, and counsel representing all three plaintiffs have both responded to Academy's motion and tendered their own cross-motion for summary judgment (together with a supporting memorandum covering both motions).

  No facts are in controversy, so the battlefield is limited to the legal issues stemming from Academy's form of notice. Here are the respective notices sent to plaintiffs Doug Schletz, Robert Webb and Debra Jones:

```
ACCOUNT IDENTIFICATION
CREDITOR:        Citicorp Diners Card(S)
FWD CREDITOR:
ACCOUNT #        : 386304844600001
ACADEMY FILE #   : 7145266
PRINCIPAL BAL    : $62.77
INTEREST OWING   : $0.00
TOTAL BAL DUE    : $62.77
NUMBER OF ACCTS  : 1 (SMF, ¶15).

ACCOUNT IDENTIFICATION
CREDITOR:        Citicorp Diners Card(S)
FWD CREDITOR:
ACCOUNT #        : 386304844600001
ACADEMY FILE #   : 7145266
PRINCIPAL BAL    : $62.77
INTEREST OWING   : $0.00
TOTAL BAL DUE    : $62.77
NUMBER OF ACCTS  : 1 (SMF, ¶30).
```

---

[1] Further citations to the Act take the form "Section --," omitting the prefatory "15 U.S.C."

```
ACCOUNT IDENTIFICATION
CREDITOR:         Citibank (South Dakota) Na(P)
FWD CREDITOR:
ACCOUNT #      :  5424180192511241
ACADEMY FILE # :  6816118
PRINCIPAL BAL  :  $5609.74
INTEREST OWING :  $0.00
TOTAL BAL DUE  :  $5609.74
NUMBER OF ACCTS:  1 (SMF, ¶45).
```

In each instance the standard form also included this text sentence:

> If applicable, your account may have or will accrue interest at a rate specified in your contractual agreement with the original creditor.

Plaintiffs' counsel attempts to latch onto the "may have" portion of that last sentence as somehow muddying the waters. But there is no question that even to the unsophisticated consumer (the yardstick against which disclosures are measured under the Act) an express statement that "0" interest is due and that the "Total Bal Due" is therefore identical to the "Principal Bal" plainly states the total amount actually due as of the date of the letter, as required by such cases as Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C., 214 F.3d 872, 875 (7th Cir. 2000) and Veach v. Sheeks, 316 F.3d 690 (7th Cir. 2003). Equally importantly, that plain statement is not undercut by the contingent (but obviously inapplicable rather than "applicable") language of the text sentence quoted above.

Indeed, the language here contrasts sharply with that of the notice in Miller, which coupled a statement of the "unpaid

principal balance" with an added statement that "this amount does not include accrued but unpaid interest" as well as other unpaid items. It is true that Academy's notice does not conform precisely to the safe harbor language suggested in Miller, 214 F.3d at 876. But this Court does not understand our Court of Appeals to have prescribed that as the exclusive means by which the Act's requirements may be satisfied. In that respect this Court finds the opinion of its colleague Honorable James Moran in Taylor v. Cavalry Inv., L.L.C., 210 F.Supp.2d 1001 (N.D. Ill. 2002) persuasive in both its analysis and its conclusion, and it declines the invitation of plaintiffs' counsel (cross-motion Mem. 9 n.3) to find that decision incorrect. That case is now on appeal, and these plaintiffs' counsel (who also represented the Taylor plaintiff) are free to do the same in these actions.

## Conclusion

As stated at the outset, there is no genuine issue of material fact in any of these actions, and Academy is entitled to a judgment as a matter of law in each. Its consolidated motion for summary judgment is granted, the cross-motion by plaintiffs is denied, and all three of these actions are dismissed.

Milton I. Shadur
Senior United States District Judge

Date: May 13, 2003